**In re CONNELL.**

No. 344.

Circuit Court of Appeals, Second Circuit.

July 24, 1942.

Levine & Meckler, of New York City (M. Jay Meckler and Sidney S. Levine, both of New York City, of counsel), for appellant.

James T. Aspbury, of Poughkeepsie, N. Y. (Edward J. Mack, of Poughkeepsie, N. Y., of counsel), for appellee.

Before CHASE, CLARK, and FRANK, Circuit Judges.

CHASE, Circuit Judge.

The question which must be answered on this appeal is whether or not the appellant, a farmer-debtor, has been accorded

the full protection given him by the terms of § 75, sub. s of the Bankruptcy Act, 11 U.S.C.A. § 203, sub. s, in re-appraisal proceedings concerning a farm.

The appellant, William F. Connell, in 1937 filed a composition petition under § 75 of the Act. A year later he amended his petition and asked to be adjudged bankrupt under § 75, sub. s. Following the customary procedure, appraisers were appointed who then determined that appellant's farm was worth $7,500. Appellant took advantage of the three year redemption privilege of § 75 and remained in possession of the farm, for which he paid rent. Then, in November, 1941, he requested a re-appraisal of the farm so that he might redeem the property as permitted in § 75 sub. s(3). Appraisers, to whom the appellant did not object, were appointed and the property was re-appraised by them at $8,-250. Appellant then sought to relieve himself of the disadvantage respecting redemption in which the increase in the re-appraisal put him and the present issue is whether his rights in so doing were unlawfully curtailed.

The conciliation commissioner approved the re-appraisal by an order, in which it was stated that no objection had been taken to it. This appears to have been inaccurate in that the appellant's attorney did at least informally question the accuracy of the re-appraisal in a letter to the commissioner, dated December 17, 1941. On February 9, 1942, the commissioner filed his report which recommended the appointment of a trustee and a final disposition of appellant's property in accordance with § 75, sub. s(3) of the Act. Appellant, when the matter came before the District Court on February 25, 1942, once again objected to the re-appraisal. The Court, however, overruled the objection because not based upon "valid grounds for review" sufficient to warrant the setting aside of the commissioner's report and made the order following the recommendations, from which this appeal was taken.

The proceedings before the reviewing judge appear to have been extremely summary and his opinion gives us no inkling of what reasoning led to the conclusion he reached. Nor are we advised as to just how the debtor undertook to oppose the confirmation of the commissioner's report at the hearing before the judge. The record states that, "The debtor opposed this motion, among other grounds, that he had no opportunity to cross examine the appraisers." He filed his affidavit to the effect that the farm was worth no more than $5,500.00 with his reasons for setting that value upon it and concluded with the following: "Wherefore, your deponent respectfully prays that this Court deny the Conciliation Commissioner's recommendation for the appointment of a Trustee or in the alternative that the Court set a date for a hearing and examination of the appraisers and experts as to the true value of the farm in question."

It is possible that the appellant had no evidence to present on value and was merely insisting upon his claimed right to cross examine the appraisers themselves. We find no provision in the Act granting him that right and otherwise he had none. They were acting under their appointment and were not witnesses in the proceeding. We do not hold that the appellant could not have called them as his own witnesses to prove the value of the farm as he might have called others who had personal knowledge on that subject and by qualifying them as competent had the benefit of their testimony though it would not have been likely to have been beneficial to him as it would presumably have supported the re-appraisal. But we find no basis whatever for his contention that he might, of right, treat them as adverse witnesses and subject them to cross examination.

On the other hand, though the record is not satisfactorily clear about it, there was apparently a failure by the conciliation commissioner to set a date for a hearing at which the appellant could offer proof of value contrary to the amount shown by the re-appraisal. This re-appraisal is designed to replace the original appraisal for the purpose of further proceedings under § 75, sub. s(3). Though the statute does not repeat the language used in respect to the original appraisal provided for in § 75, sub. s the appraisal there provided for, " * * * shall be made in all other respects with rights of objections, exceptions, and appeals, in accordance with this Act [title]: Provided, That in proceedings under this section, either party may file objections, exceptions, and take appeals within four months from the date that the referee approves the appraisal."

It is inherent in this provision that the conciliation commissioner, acting as the

referee under § 75, sub. s(4), was required to give the debtor an opportunity to be heard on the question of valuation, to present evidence and to object to the re-appraisal before it was approved. In the somewhat confused state of the record we believe there is sufficient indication that this was not done to require a reversal of the order for the purpose of such a hearing upon due notice to the appellant. Only by so doing can there be assurance that the debtor will be given "the full measure of the relief" to which the Act entitled him. Cf. Wright v. Union Central Ins. Co., 311 U.S. 273, 279, 61 S.Ct. 196, 200, 85 L.Ed. 184.

Reversed and remanded.